UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO GAXIOLA-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC HOLDER,<br><br>Respondent. | No. 2:15-cv-0923-MCE-EFB P (TEMP)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 2, 2015, respondent filed a motion to dismiss the operative habeas petition. ECF No. 12. Petitioner filed nothing in response. On November 13, 2015, the court ordered petitioner to file an opposition or statement of non-opposition to the motion and to do so within thirty days. The court admonished petitioner that his "failure to comply with this order will result in a recommendation that this action be dismissed." ECF No. 16 at 2. More than thirty days have passed and the petitioner has not complied with the order. To date, he has failed to file an opposition or a statement of non-opposition to the motion to dismiss, despite the court providing him with two opportunities to do so. ECF Nos. 13, 16. It is therefore recommended that this action be dismissed.

/////

/////

1

**DISCUSSION**

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In *Ferdik*, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

*Id.* at 1260-61 (*quoting Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.3d 829, 831 (9th Cir. 1986)).

In this case, the first two factors as well as the fifth factor cited by the court in *Ferdik* strongly support dismissal of this action. This case has been pending before the court since April 2015, and respondent filed its motion to dismiss almost eight months ago. Petitioner's repeated failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which petitioner has demonstrated he has no intention to diligently pursue. Notably, the court has repeatedly warned petitioner that his failure to file his opposition to respondent's motion to dismiss would result in a recommendation that this action be dismissed for lack of prosecution. Inexplicably, petitioner has failed to file any opposition to respondent's pending motion to dismiss. Under these circumstances, there is no suitable less drastic alternative to dismissal of this case. In short, petitioner's refusal to follow the court's orders has left the court stymied and made it impossible for this civil action to be adjudicated by the court. Therefore, due to petitioner's conduct, the undersigned is left with no choice but to recommend dismissal of this action.

The third factor, the risk of prejudice to the respondent, also weighs in favor of dismissal.

/////

Petitioner's failure to oppose respondent's motion to dismiss prevents the respondent from addressing petitioner's claims and unnecessarily delays resolution of this action thereby forcing respondent to incur additional time and expense. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure . . . . The law presumes injury from unreasonable delay.'") (*quoting Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976)).

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action. However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) due to petitioner's failure to prosecute and comply with the court's orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3